# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF TEXAS
### DALLAS DIVISION

| | | |
|---|---|---|
| FRED E. WILLIAMS, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL NO. 3:17-CV-3277-B-BN |
| | § | |
| NANCY A. BERRYHILL, Acting | § | |
| Commissioner of Social Security, | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM OPINION & ORDER

Before the Court is Plaintiff Fred E. Williams's EAJA Fee Application to recover his attorney's fees under the Equal Access to Justice Act (EAJA) (Doc. 31), Defendant Berryhill's Objection to Plaintiff's Application (Doc. 32), and Plaintiff's Reply (Doc. 33). For the reasons stated below, the Court finds Plaintiff's Application should be and hereby is **GRANTED**.

### I.

### BACKGROUND

Plaintiff Fred E. Williams (Williams) brought this action for disability insurance benefits under Title II of the Social Security Act, 42 U.S.C. § 405(g). Doc. 31, Pl.'s EAJA Fee Appl. (Appl.), 1. Nancy Berryhill, the Commissioner of Social Security (Commissioner), denied Williams's application for benefits. Williams appealed the Commissioner's decision by filing a complaint in federal court. Doc. 1, Compl. The matter was referred to Magistrate Judge Horan, who entered findings, conclusions, and recommendations that the Commissioner's hearing decision be reversed

and Williams's action remanded to the Commissioner. Doc. 26, Findings, Conclusions, and Recommendations, 13. This Court then entered an order accepting Judge Horan's findings, conclusions, and recommendations. Doc. 27, Order.

Williams, as the prevailing party, now brings an EAJA Fee Application under the EAJA, 28 U.S.C. § 2412, requesting that the Commissioner award him "reasonable attorney fees." Doc. 31, Appl. Williams contends that he is entitled to 65.5 hours of attorney's fees, totaling $12,904.01, which includes work his attorneys did on the merits of his appeal and application for attorney's fees (61.6 hours), as well as work replying to the Commissioner's objections to his EAJA application (3.9 hours). Doc. 33, Pl.'s Reply (Reply), 6–7. The Commissioner responds that the number of hours that Williams requests is excessive and that the Court should instead award Williams attorney's fees that are more typical in theses types of social security cases. Doc. 32, Def.'s Obj. to the Pl.'s Appl. (Obj.), 1. Specifically, the Commissioner does not object to the hourly rate but submits that 40 hours of attorney's fees is reasonable. *Id.* at 3. The application is now ripe for the Court's review.

## II.

### LEGAL STANDARD

The EAJA provides for the award of court costs and attorney's fees to the "prevailing party" in a judicial review of agency action, unless the position of the United States was "substantially justified" or "special circumstances" would make an award unjust. 28 U.S.C. § 2412(d)(1)(A). An award of attorney's fees under the EAJA must also be reasonable. *Id.* § 2412(b). A party like Williams who wins a remand order in a social security disability case is a "prevailing party" under the EAJA. *See Rice v. Astrue*, 609 F.3d 831, 833–34 (5th Cir. 2010). Here, the Commissioner has not raised a

substantial justification defense nor has she objected to the hourly rate. Thus, the only question before the Court is whether special circumstances would make Williams's award of 65.5 hours of attorney's fees unjust or, in this case, unreasonable.

"Because EAJA is a partial waiver of sovereign immunity, it must be strictly construed in the government's favor." *Tex. Food Indus. Ass'n v. USDA*, 81 F.3d 578, 580 (5th Cir. 1996). To determine the reasonableness of attorney's fees awarded under the EAJA, "[the Fifth Circuit] has adopted the 12-factor 'lodestar' test enunciated in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714 (5th Cir. 1974)."[1] *Sanders v. Barnhart*, 2005 WL 2285403, at *2 (5th Cir. Sept. 19, 2005) (per curiam). The court may forgo examining every factor "if it is apparent that the court has arrived at a just compensation based upon appropriate standards." *Id.* (citation omitted). The fee applicant has the burden of proving that the number of hours is reasonable. *Von Clark v. Butler*, 916 F.2d 255, 259 (5th Cir. 1990).

### III.

### ANALYSIS

Ultimately, the Court finds that Williams has met his burden of proving that the number of hours requested and the total amount of attorney's fees is reasonable. Williams cites several facts and

---

[1] The "lodestar fee" is calculated "by multiplying the number of hours reasonably expended on the litigation by a reasonable hourly rate." *Sandoval v. Apfel*, 86 F. Supp. 2d 601, 615 (N.D. Tex. 2000). The Court must then consider the circumstances of the case and the twelve *Johnson* factors to "determine whether the lodestar amount should be adjusted upward or downward." *Id.* The *Johnson* factors include: (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal services properly; (4) the preclusion of other employment by the claimant's attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the claimant or the circumstances; (8) the amount of recovery involved and the results obtained; (9) counsel's experience, reputation, and ability; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the claimant; and (12) awards in similar cases. *Johnson*, 488 F.2d at 717–19. "[M]any of these factors usually are subsumed within the initial calculation of hours reasonably expended at a reasonable hourly rate." *Hensley v. Eckerhart*, 461 U.S. 424, 434 n. 9 (1983) (citation omitted).

circumstances unique to his case that warrant finding that such an award is reasonable, including the fact that: (1) the challenges presented by the nature of the Commissioner's accusations against him and Williams's past involvement with the criminal justice system; (2) a large transcript of agency proceedings below (1,024 pages); and (3) the need to keep Williams's prior attorney, Mr. Burkhalter, involved due to Williams's psychiatric issues. Doc. 31, Appl., 4–5. In response, the only objection the Commissioner argues is that Williams's requested award is well above what is typically awarded in an EAJA application. Doc. 32, Obj., 2–3 (arguing that the typical EAJA award for attorney's fees is between 20 and 40 hours of attorney work). However, the Court is not persuaded by this argument. The "determination of attorney's fees under the EAJA is based on reasonableness, not necessarily what is considered typical." *Johns v. Colvin*, 2016 WL 1366267, at *4 (N.D. Tex. Apr. 6, 2016). Nevertheless, even if the Court considered the typicality of awards given in other similar cases, the Court still agrees with Williams that the attorney's fees claimed in this case are within the range of fee awards routinely made in disability appeals in which the fee applicant submits opening and reply briefs. Doc. 33, Reply, 5 (citing *Gonzales v. Bowen*, 650 F. Supp. 128, 131 (S.D.N.Y. 1986) (approving over 70 hours); *Wirth v. Barnhart*, 325 F. Supp. 2d 911 (E.D.Wis. 2004) (61.1 hours)).

Finally, Williams is also entitled to attorney's fees for the number of hours spent replying to the Commissioner's objections. The Court agrees that the 3.9 hours of additional work is reasonable and should be compensated. *See INS v. Jean*, 496 U.S. 154, 164–166 (1990) ("Congress intended the EAJA to cover the cost of all phases of successful civil litigation"); *Powell v. C.I.R.*, 891 F.2d 1167, 1172 (5th Cir. 1990) ("[The] plaintiff is entitled under the EAJA to recover all attorney's fees and expenses reasonably incurred in connection with the vindication of his rights, including those related

to any litigation over fees, and any appeal"). Given the relative complexity of Williams's case and the other factors explained above, the Court concludes that the 65.5 hours of attorney work totaling $12,904.01 in attorney's fees is reasonable.

## IV.

## CONCLUSION

The Court finds that Plaintiff's EAJA Fee Application (Doc. 31) to recover his attorney's fees should be and hereby is **GRANTED**. Accordingly, it is **ORDERED** that the Commissioner award directly to Williams $12,904.01 in attorney's fees incurred by the work of his attorneys, William Fouche and Paul Burkhalter, in litigating Williams's individual appeal and defending his fee application. *See Astrue v. Ratliff*, 560 U.S. 586, 593 (2010) (holding that a fee award under the EAJA must be paid directly to a claimant who is found to be the "prevailing party" in the case, rather than to his attorney). Specifically, Williams is awarded $12,904.01 in attorney's fees as follows:

(1) 4.7 hours of attorney work for work in 2017 at an hourly rate of $191.38 ($899.49);

(2) 52.2 hours of attorney work for work in 2018 at an hourly rate of $197.00 ($10,283.40);

(3) 4.7 hours of attorney work for work in 2019 at an hourly rate of $200.13 ($940.61); and

(4) 3.9 hours of attorney work for defending Plaintiff's EAJA attorney's fees application in 2019 at an hourly rate of $200.13 ($780.51).

**SO ORDERED.**

**DATED: July 10, 2019.**

JANE J. BOYLE
UNITED STATES DISTRICT JUDGE